IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PARRIS HAMILTON, | § | |
| | § | |
| Defendant Below, | § | No. 124, 2016 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0910017490 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 26, 2017
Decided: June 28, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

# **O R D E R**

This 28th day of June 2017, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant, Parris Hamilton, filed this appeal from the Superior Court's denial of his first motion for postconviction relief under Superior Court Criminal Rule 61.[1] We find no merit to the appeal and affirm the Superior Court's judgment.

(2) The record reflects that, in June 2012, a Superior Court jury found Hamilton guilty of two counts of Murder in the First Degree (including felony

---

[1] *State v. Hamilton*, 2016 WL 807729 (Del. Super. Ct. Mar. 1, 2016).

murder), two counts of Attempted Murder in the First Degree, two counts of Kidnapping in the First Degree, one count of Burglary in the First Degree, and seven counts of Possession of a Firearm During the Commission of a Felony ("PFDCF"). These convictions arose from the shooting of Hamilton's ex-girlfriend and her two sons, one of whom died as a result of the shooting. The Superior Court sentenced Hamilton to four life sentences, plus more than fifty years. This Court affirmed the Superior Court's judgment on direct appeal.[2] We held the Superior Court gave adequate curative instructions regarding a State expert witness' misstatement that voluntary intoxication precluded an extreme emotional distress defense and that the State proved all of the elements of Burglary in the First Degree.[3]

(3) On October 3, 2014, Hamilton filed his first motion for postconviction relief under Rule 61. Hamilton argued that: (i) his counsel provided ineffective assistance by allowing the admission of his statements to State and defense expert witnesses while under the influence of medication and without *Miranda* warnings; (ii) he was denied an impartial jury because the original jury summons indicated it was a capital case and his counsel was ineffective for failing to raise this issue on appeal; (iii) the Superior Court erred in allowing the State's expert psychiatrist to interview him for a second time outside of his counsel's presence and his counsel

---

[2] *Hamilton v. State*, 82 A.3d 723 (Del. 2013).
[3] *Id.* at 727-28.

was ineffective for failing to object adequately; (v) the Superior Court erred in sentencing Hamilton for multiple firearm convictions in violation of Double Jeopardy and Hamilton's trial and appellate counsel were ineffective for failing to raise this issue; (vi) his trial counsel was ineffective for failing to request lesser included offenses, to satisfy 11 *Del. C.* § 3507 in introducing the statements of two of the shooting victims, and to investigate and present facts in support of a mitigation defense; (vii) the prosecutor violated *Brady v. Maryland*[4] by failing to disclose misconduct at the Office of the Chief Medical Examiner ("OCME") and Hamilton's counsel was ineffective for failing to raise this on direct appeal; and (viii) there was insufficient evidence to support his Burglary in the First Degree conviction. The Superior Court appointed counsel ("Postconviction Counsel") to represent Hamilton in his postconviction proceedings on February 3, 2015. On August 4, 2015, Postconviction Counsel filed a motion to withdraw under Rule 61(e). Hamilton opposed the motion to withdraw.

(4) After receiving trial and appellate counsel's affidavits in response to Hamilton's *pro se* Rule 61 claims and the State's response, the Superior Court granted Postconviction Counsel's motion to withdraw and denied Hamilton motion for postconviction relief in an opinion dated March 1, 2016.[5] The Superior Court

---

[4] 373 U.S. 83 (1963).
[5] *State v. Hamilton*, 2016 WL 807729, at *3-*5.

concluded that all of Hamilton's claims were either procedurally barred under Rule 61 or without merit.[6]  This appeal followed.

(5)    We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[7]  The procedural requirements of Rule 61 must be considered before addressing any substantive issues.[8]  On appeal, Hamilton only raises one claim—his counsel was ineffective for failing to move to suppress all of the physical evidence based on misconduct at the OCME and for failing to raise the OCME's misconduct on direct appeal.  Hamilton fails to raise any of the other issues he raised below and has therefore waived any challenge to the Superior Court's rulings on those issues.[9]

(6)    To prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and that, but for his counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different.[10]  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[11]  There is a strong presumption that counsel's conduct

[6] *Id.*
[7] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).
[8] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[9] Del. Supr. Ct. R. 14(b)(vi)(A)(3); *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).
[10] *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984).
[11] *Id.* at 694.

was professionally reasonable.[12]  Conclusory and unsupported claims of prejudice are insufficient to establish ineffective assistance; a defendant must make and substantiate concrete claims of actual prejudice.[13]

(7)    To the extent Hamilton's OCME claim is based on the revelation of misconduct relating to drug evidence in 2014, this evidence did not exist at the time of Hamilton's trial in 2012.  Hamilton has not identified any link between the OCME misconduct that came to light in 2014 and his case.[14]  He has not shown that his counsel was professionally unreasonable or that there is a reasonable probability the outcome of the proceedings would have been different if his trial counsel had somehow discovered the OCME misconduct relating to drug evidence in 2012. Both of the surviving victims knew Hamilton and identified him as the shooter at trial.  Hamilton did not dispute that he committed the shooting at trial, but instead argued he suffered from extreme emotional distress at the time of the shooting.

(8)    To the extent Hamilton's OCME claim is based on the Superior Court's exclusion of Hamilton's blood sample because a seal was removed from a tube before testing per OCME protocol, Hamilton did not raise this claim in the Superior Court.  We will not consider this argument for the first time on appeal.[15]   Even if

---

[12] *Id.* at 689.

[13] *Dawson*, 673 A.2d at 1196.

[14] *Cf. Bunting v. State*, 2015 WL 2147188, at *3 (Del. May 5, 2015) (holding defendant failed to establish miscarriage of justice under previous version of Rule 61(i)(5) where he failed to allege or offer any proof that his trial in 2004 was compromised by OCME investigation in 2014).

[15] Supr. Ct. R. 8.

the argument had been properly raised below, Hamilton fails to explain how the exclusion of the blood sample would support exclusion of all physical evidence, including ballistics evidence, or to show a reasonable probability of a different outcome. After careful consideration of the parties' positions on appeal, we conclude the Superior Court did not err in denying Hamilton's first motion for postconviction relief.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice